AMERICAN SURETY COMPANY OF NEW YORK v. PAYNE.

1. JUDGMENT—RECEIVERS—DISCHARGE.
    Claim that judgment against receiver was void because rendered
    after his discharge *held*, without merit where record discloses
    he was not discharged until upwards of a year after judgment
    had been rendered.

2. RECEIVERS—NATIONAL BANKS—COMPTROLLER OF CURRENCY—JUDG-
    MENT.
    While the receiver of a national bank is an instrument of the
    comptroller of currency of the United States and subject to
    his instructions, the comptroller has no power to relieve a re-
    ceiver from liability on a judgment entered in a court of com-
    petent jurisdiction.

3. PRINCIPAL AND SURETY—RECEIVER OF NATIONAL BANK—JUDG-
    MENT.
    A surety on the bond of a receiver of a national bank is liable
    for the payment of a valid judgment rendered against the
    receiver.

4. SAME—SURETY'S ACTION FOR REIMBURSEMENT.
    Where application for surety bonds for receiver of a national
    bank provided for reimbursement of surety should it make
    payment, and surety made payment to judgment creditor of
    receiver, surety's action for reimbursement was not an attempt
    to recover by a third person who was not within the terms of
    the bonds or applications therefor.

5. SAME—SATISFACTION OF JUDGMENT—VOLUNTARY PAYMENT.
    The satisfaction of a judgment in garnishment against the re-
    ceiver of a national bank was not a voluntary payment by the
    receiver's surety, hence, surety was entitled to reimbursement
    under the surety contract.

6. SAME—REIMBURSEMENT—SET-OFF.
    Where no attempt was made by garnishee defendant, receiver of
    national banks, to set off any claim he may have had against

judgment for the plaintiff before satisfaction thereof by garnishee's surety and claim which principal defendant had against plaintiff was not available to garnishee defendant, garnishee's claim in action by surety for reimbursement that the judgment creditor could not have collected the judgment from garnishee or the surety because of an obligation owed by such creditor to the principal defendant larger than the judgment obtained was without merit (3 Comp. Laws 1929, § 14132).

Appeal from Berrien; O'Neill (James E.), J., presiding. Submitted June 10, 1947. (Docket No. 4, Calendar No. 43,720.) Decided October 13, 1947.

Assumpsit by American Surety Company of New York, a foreign corporation, against W. R. Payne for amount paid by plaintiff as surety on defendant's bond. Judgment for plaintiff. Defendant appeals. Affirmed.

*Elden W. Butzbaugh,* for plaintiff.

*Charles W. Gore,* for defendant.

North, J. In the circuit court of Berrien county Edith Sellars, who was a judgment creditor of Ross H. Lamb in the amount of $6,925.32, obtained in a garnishment proceedings a judgment against W. R. Payne, as receiver. The American Surety Company, plaintiff herein, was the surety on Payne's bonds given in the receivership proceedings hereinafter noted. Payne as receiver having failed to satisfy the judgment rendered in the garnishment suit, plaintiff, demand having been made, paid the judgment. Thereafter plaintiff surety company brought this suit to recover from Payne the amount it had expended in satisfying the judgment rendered against Payne as receiver. Plaintiff had judgment for $5,160.57 and costs. Defendant has appealed.

In 1931 Payne was appointed by the comptroller of currency as receiver of each of two national banks in Berrien county. He forthwith gave bonds for the faithful discharge of his duties as receiver. Plaintiff herein was the surety on these bonds. Ross H. Lamb served as attorney for the receiver. In February, 1942, the comptroller of currency directed receiver Payne to pay Lamb for services rendered $3,981.77 out of the assets of one of the receiverships and $198.19 out of the assets of the other receivership. Accordingly, Payne on February 21, 1942, issued checks payable to Lamb for the respective amounts, but Payne did not deliver the checks to Lamb until on or about May 1, 1942. Just shortly prior to such delivery, but subsequent to February 21, 1942, process was served on Payne, as a receiver, in the garnishment suit by which Edith Sellars sought to satisfy her judgment against Lamb. The record discloses that Lamb was indebted to Mr. and Mrs. Payne for money borrowed in excess of the amount of the two checks above mentioned; that he made an assignment to them of his attorney fees; and that when the checks were delivered to Lamb on or about May 1, 1942, he immediately indorsed and returned them to Payne. At this point controversy at once arose as to whether under her garnishment proceedings Edith Sellars had the prior right to the funds represented by the checks or whether Mr. and Mrs. Payne, by reason of Lamb's assignment to them, had the prior right thereto. Determination of this issue resulted in Edith Sellars' garnishment proceedings in the circuit court being dismissed, on the theory that the prior right to the garnished funds was held by Mr. and Mrs. Payne. Edith Sellars appealed her garnishment case to the Supreme Court. The judgment entered in the circuit court was reversed and the

case remanded.  See *Sellars* v. *Lamb,* 303 Mich. 604. Thereafter, and on January 13, 1943, the circuit court in the garnishment proceedings entered judgment for $3,981.77 and costs in favor of Edith Sellars and against Payne, receiver.  No appeal was taken from this judgment.  It was plaintiff's payment of money to satisfy this judgment by reason of plaintiff being surety on the receiver's bonds, and after receiver Payne had failed to pay, which gave rise to the instant suit and resulted in judgment in favor of the surety.

One of the contentions of appellant is that the judgment in the instant case was void *ab initio* because it was entered against the receiver in his official capacity after he had been discharged.  In this connection appellant asserts that the respective receiverships were closed in May and June, 1942.  On the contrary the record clearly discloses that Payne as a receiver was not discharged until April 28, 1944; and prior to that date and on January 13, 1943, judgment had been rendered against the receiver.  Hence there is no merit to appellant's claim that judgment was void because it was rendered against the receiver after he had been discharged.

While it is true, as appellant asserts that "A national bank receiver is an instrument of the comptroller of currency of the United States and subject to his instructions" still this statement is subject to limitations.  For example, the comptroller of currency has no power to relieve a receiver from liability on a judgment entered in a court of competent jurisdiction, as in the instant case.  We are not in accord with appellant's contention that "the act complained of (satisfaction of the judgment rendered against the receiver) was not one for which * * * the receiver or the bonding company should have to respond."  Instead plaintiff as

surety on the receiver's bonds was liable for the payment of the judgment rendered against Payne as receiver.

It is also urged by appellant that: "The bonds in question ran only to the comptroller of the currency for his sole benefit, and third persons cannot recover under their provisions." This assertion is not applicable to the instant case. The situation here presented is one in which the principal in the bonds failed to pay a valid judgment rendered against him as receiver, and thereupon satisfaction of the judgment was made by the surety on the receiver's bonds, and the instant case was then prosecuted by the surety to recover from the principal the amount paid. Payne's applications for these bonds contained provisions for reimbursement "should it (plaintiff) make payment" under its obligation as surety on the bonds. Hence recovery by plaintiff from defendant was in accord with the latter's application for the bonds. It was not an attempt to recover by a third person who was not within the terms of the bonds or applications therefor.

The record is contrary to appellant's contention that the comptroller of currency (obligee under the bond) released Payne, and therefore subsequent satisfaction of the garnishment judgment by the surety was a voluntary payment by the surety for which it can not recover against Payne in the instant case. While it is true that prior to decision in *Sellars* v. *Lamb*, 303 Mich. 604, the comptroller of currency had taken the position that the assignment by Lamb to Mr. and Mrs. Payne took priority over the garnishment of Edith Sellars, that position was abandoned by the comptroller after decision in the *Sellars-Lamb Case* and before Payne was discharged as receiver. Payne's liability as receiver was not thereby released. Nor does the record justify appellant's contention that ultimate satis-

faction of the judgment in garnishment against Payne by the surety was a voluntary payment thereof. Instead the attorney representing Edith Sellars was demanding satisfaction of the judgment against Payne as receiver, and in consequence thereof the comptroller of currency was demanding of plaintiff as surety on the receiver's bonds that it should satisfy the judgment rendered in the garnishment proceedings. In doing so, the surety cannot be said to have made a voluntary payment.

We find no merit in appellant's attempted reliance upon the assertion in its brief that: "Sellars could not have collected the judgment which forms a basis of this action against either Payne, receiver, or his bondsman;" the foregoing being asserted on the claim now made "that Sellars was indebted to Lamb in an amount greater than the amount due upon the judgment from Lamb to Sellars." The record before us affords no basis for the foregoing claim. On the contrary it appears that the judgment in garnishment was entered against Payne as receiver in January, 1943, but satisfaction thereof was not made by his surety until June, 1944; and in the meantime, so far as disclosed by the record, no attempt was made by Payne to assert a counterclaim against the garnishment judgment held by Edith Sellars. Furthermore a claim possessed by Lamb against Edith Sellars could not be used by Payne or his surety as a counterclaim or set-off against the judgment Edith Sellars had against Payne as receiver. 3 Comp. Laws 1929, § 14132 (Stat. Ann. § 27.826).

The judgment entered in the circuit court is affirmed, with costs to appellee.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.